ISBELL *v.* THE STATE.

The evidence warranted the verdict; and the newly discovered evidence was cumulative as to all of it except such as imputed a declaration to the person assaulted, inconsistent with his evidence at the trial, and this declaration had no materiality save as tending to impeach the witness.        *Judgment affirmed.*
November 6, 1893.

Indictment for assault and battery. Before Judge GUERRY; motion for new trial before Judge McWHORTER. Elbert superior court. March adjourned term, 1893.

Isbell was convicted of assault and battery alleged to have been committed on Eaverson. He moved for a

new trial on the general grounds, and on newly dis-
covered evidence; the motion was overruled, and he
excepted.　The testimony for the State was substantially
as follows: Eaverson was marshal of Bowman.　By or-
dinances of that town, it was penal for any person to
be drunk on the streets, and it was the duty of the mar-
shal to arrest persons guilty of drunkenness or disorderly
conduct.　The defendant was there, and was drinking.
Eaverson told one David to take defendant off, or he
would have to arrest him.　David said he could not do
anything with defendant.　Later in the evening defend-
ant rode his horse across the street or square twice, and
when Eaverson went near him he galloped off down the
street and stopped in front of Bagwell's shop.　Eaverson
went to where he was; he was not then doing anything.
Eaverson caught hold of him and told him to come and
go before the mayor; he refused to go, and said Eaverson
could not arrest him on his horse.　Eaverson replied, he
would carry him and the horse both.　He got down from
the horse on the opposite side, and Eaverson ran around
to him with a walnut stick drawn.　He hit Eaverson on
the head, and Eaverson struck him with the stick, which
was a foot and a half long and an inch and a half in diame-
ter.　Thereupon defendant caught Eaverson by the hair,
jerked him and bit him on the face; they scuffled, and
Bagwell parted them, and pushed defendant into his
(Bagwell's) shop.　Eaverson started in there with his
stick drawn in a striking position, and defendant told
him to go out of there.　Defendant did not strike him
or attempt to strike him with a piece of iron.

Testimony for the defendant was, in brief, as follows:
On the day in question the defendant was drinking
some, talking loud, but was not disturbing anybody.
He and Eaverson were near each other during the day
until late in the evening when the difficulty occurred, up
to which time Eaverson had not arrested him or made

any effort to do so. The horse defendant was riding had the habit of taking the "studs," and in the evening, as defendant was riding, the horse stopped suddenly on the street. Defendant had a jug of molasses in his hand, and Eaverson started towards him. Defendant galloped down the street towards Bagwell's shop; he laughed at Eaverson and said, "Go back, marshal, I am gone." He was sitting on his horse doing nothing when Eaverson came up. One witness testified that when defendant got off of his horse, he saw the stick go up and down, and it looked as if Eaverson struck defendant over the horse. Lester Bagwell testified that he was present at the difficulty; that after some conversation between the parties, Eaverson told defendant to get down from his horse, and defendant got down on the side opposite from Eaverson, and just as he got down witness heard a blow from the stick; and that defendant did nothing and made no effort to do anything to Eaverson until Eaverson struck him with the stick.

The newly discovered testimony is contained in the affidavits of A. A. Seymour and M. C. Bagwell, to the effect that Eaverson struck defendant with the stick before defendant struck him, and that immediately after the difficulty Bagwell or defendant, in talking with Eaverson, told him he had struck defendant first, and Eaverson replied, "I don't care if I did."

A. G. McCurry, by brief, for plaintiff in error.